# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CRIMINAL ACTION NO. 5:13-CR-00092-KDB-DSC

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | **ORDER** |
| CHRISTOPHER DURAND MYERS, | |
| Defendant. | |

**THIS MATTER** is before the Court on Defendant Christopher Durand Myers's "Motion to Clarify Conditions of Supervise [sic] Release With Notice In Name Change." (Doc. No. 54). In his Motion, Defendant requests that the Court (1) recommend he serve six months in a halfway house and (2) take notice of his name change and order the Bureau of Prisons ("BOP") to change his committed name.

BOP records reflect that Defendant was released on June 25, 2020, rendering his request to be placed in a halfway house moot.

As for his request that the Court order the BOP to change his committed name, Defendant was sentenced under the name "Christopher Durand Myers," but subsequently changed his name to "Muhammed Abdul-Shakur" for religious reasons. (Doc. No. 54, at 6) (attaching a "Name Change Order" from the Commonwealth of Kentucky). He requests the Court order BOP to change his committed name to his new name, Muhammed Abdul-Shakur. As mentioned above, Defendant has been released from the BOP. To the extent his Motion is not moot, the Court will deny his Motion.

1

According to the BOP Program Statement cited by Defendant, the BOP recognizes three names in its inmate data collection system, SENTRY: the committed, legal, and true names of a defendant. Federal Bureau of Prisons, Program Statement ("BOP Program Statement") P5800.15 §402(d) (2009). "The name entered on the [Judgment and Commitment Order] is considered the committed name to be used by the inmate, as well as the Bureau. SENTRY must reflect the committed name, which may only be changed by an order from the Federal sentencing court." *Id.* The Program Statement recognizes that "inmates may adopt name changes in accordance with religious affiliations or other lawful means." *Id.* In order to demonstrate a legal name change, the inmate bears the "responsibility to provide [BOP] staff with verifiable documentation of the name change which will be entered by staff in the SENTRY "legal" name field." *Id.* Finally, the BOP recognizes a true name or true names, comprised of any aliases by which the inmate is known. *Id.*

"While an inmate possesses a right to legally change his name for religious reasons, inmates have no right to require the BOP 'to change their internal record-keeping and identification procedures whenever an inmate changes his name, legally or otherwise.'" *United States v. Hamrick*, No. 3:90cr12, 2013 WL 1867406, at *3-4 (E.D. Va. 2013) (quoting *Rahman v. Stephenson*, 626 F. Supp. 886, 887 (W.D. Tenn. 1986)). Thus, to the extent Defendant wishes to have his committed name completely removed from the BOP system, and desires for the BOP to identify him solely by his assumed name, the BOP has no constitutional obligation to do so. *See United States v. Baker*, 415 F.3d 1273, 1274 (11th Cir. 2005).[1] Moreover, the Fourth Circuit has held that an inmate who legally changes his name does not have a constitutional right to have his

---

[1] Nor does the Court have any constitutional obligation to change Defendant's name in the Judgment and Commitment Order. *See United States v. White*, 490 F. App'x 979, 982 (10th Cir. 2012); *Baker*, 415 F.3d at 1274 (upholding refusal to amend judgment and commitment order and holding that "an inmate is not entitled to have [court] documents that pre-date his legal name change altered").

pre-existing prison records altered to reflect his newly adopted name. *Barrett v. Virginia*, 689 F.2d 498, 503 (4th Cir. 1982).

**IT IS THEREFORE ORDERED** that Defendant's "Motion to Clarify Conditions of Supervise [sic] Release With Notice In Name Change," (Doc. No. 54), is **DENIED.**

**SO ORDERED.**

Signed: July 17, 2021

Kenneth D. Bell
United States District Judge